UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO HERNANDEZ-RAMON (A-221-486-366),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY (ICE),[1]<br><br>Respondent. | No. 1:26-cv-2707 DC CSK<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Alejandro Hernandez-Ramon (A-221-486-366), a native and citizen of Mexico who entered the United States without inspection, filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2]  In February 2026, petitioner was arrested and detained by U.S. Immigration and Customs Enforcement ("ICE") officers during a vehicle stop in Maryland. This habeas action concerns petitioner's February 2026 detention.  For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and requiring respondent to provide petitioner with a bond hearing.

///

///

---

[1]  On April 28, 2026, the warden of California City (ICE) was substituted as the proper respondent.  (ECF No. 8.)

[2]  Petitioner is proceeding pro se and in forma pauperis.  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

## I.    FACTUAL BACKGROUND[3]

Petitioner, a native and citizen of Mexico, entered the United States without inspection. (ECF No. 6-1 at 1 (Form I-213).)  Neither party provided a date of entry.  (ECF No. 1, 6.)  The Form I-213 confirms petitioner's date of entry is unknown, but "over 1 year" is noted in the box labelled "length of time illegally in U.S."  (ECF No. 6-1 at 1.)  Respondent does not dispute that length of time.  (See ECF No. 6.)  Petitioner states he was detained on February 17, 2026.  (ECF No. 1 at 2, 4.)  Respondent agreed that petitioner's "total detention has been a little more than two months."  (ECF No. 6 at 4.)[4]  Petitioner was issued a Notice to Appear in Immigration and Nationality Act ("INA") Section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[5]  (ECF No. 6-2 at 1 (Notice to Appear).)  In addition, the Notice to Appear does not allege petitioner is an "arriving alien," though the Notice does include a place to designate this information.  (Id.)

Immigration records confirm petitioner has no criminal history, which respondent does not dispute.  (ECF No. 6-1 at 3; see ECF No. 6.)  Petitioner has been denied an opportunity to demonstrate he should not be detained.  (ECF No. 1 at 6.)  Respondent does not contest petitioner's factual allegations.  (See ECF No. 6.)

## II.    PROCEDURAL BACKGROUND

On April 10, 2026, petitioner filed his pro se petition for writ of habeas corpus.  (ECF No. 1.)  On April 13, 2026, respondent filed a motion to dismiss.  (ECF No. 4.)  On April 28, 20926, respondent's motion to dismiss was denied without prejudice, and the warden of California City

---

[3]  Petitioner filed a verified habeas petition.  (ECF No. 1 at 8.)  A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit."  L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

[4]  Neither party addressed the statement in the Form I-213 that petitioner was apprehended by Florida Highway Patrol officers on September 16, 2025, transported to the patrol station and then transferred custody to U.S. Border Patrol Agents (ECF No. 6-1 at 3 (Form I-213).)  Because petitioner's verified habeas petition alleges that he was detained in February 2016, respondent appears to agree with this, and the Notice to Appear is dated February 16, 2026, this suggests that the September 2025 date in the Form I-213 to be an error.  (See ECF No. 1; ECF No. 6 at 4; ECF No. 6-2 at 1.)

[5]  Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

2

(ICE) was substituted as respondent.  (ECF No. 8.)  On April 21, 2026, respondent filed a response to the petition.  (ECF No. 6.)  Petitioner did not file a reply.  (See Docket.)  Briefing is now complete.

**III.    LEGAL STANDARD**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**IV.    DISCUSSION**

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community.  See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention).  Petitioner challenges his detention based on violation of petitioner's procedural and substantive due process rights under the Fifth Amendment.  (ECF No. 1 at 6 (claims one and two).)  Petitioner also raises a claim involving conditions of confinement, citing "irreparable harm," and discussing medical injuries and other deprivations he suffers while in detention.  (ECF No. 1 at 6 (claim three).)  Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court also construes the petition as raising a statutory claim under the Immigration and Naturalization Act ("INA").  Respondent argues that as an "applicant for admission," petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A) and he is ineligible for a bond hearing.  (ECF No. 6 at 2-3.)  Therefore, there is no prejudice to respondent in the Court's construction.  Respondent does not argue that petitioner is a flight risk or a danger to the community and cites Avila v. Bondi, No. 25-3741,

2026 WL 819258 (8th Cir. Mar. 25, 2026) and Buenrostro-Mendez v. Bondi, 166 F.4th 494, 494 (5th Cir. 2026), in support of the position that § 1225(b)(2) is applicable here.  (Id. at 2.) Respondent also argues that petitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress.  (Id. at 3.)  Further, respondent argues that Zadvydas does not apply because the right to a habeas challenge to detention based on prolonged detention does not attach until after a final order of removal has issued and the 90 day removal period has passed, neither of which is true here.  (Id. at 4.)  In the alternative, respondent asks that if the Court grants a preliminary injunction, the Court hold in abeyance its decision on the habeas petition or set further briefing for 180 days from the Court's order pending resolution of Rodriguez Vazquez v. Bostock, 779 F.Supp.3d 1239 (W.D. Wash. 2025), and Carballo v. Andrews, 1:25-cv-0978 KES EPG, 2025 WL 2381464 (E.D. Cal. Aug. 15, 2025), which respondent claims are likely to resolve the issues this case presents in the coming months.  (Id.) Or, respondent contends the Court may hold this case in abeyance pending Benavides Carballo v. Andrews, No. 25-6533 (9th Cir.) (E.D. Cal. 1:25-cv-0978 KES EPG), a case which raises the question of due process in the context of re-detention.

### A.    Applicability of Section 1225

The Court must first decide whether petitioner, who has lived in the United States for at least a year before his initial detention, is subject to mandatory detention under § 1225(b)(2), as respondent argues.  8 U.S.C. § 1225(b)(2) mandates detention during removal proceedings for applicants "seeking admission" and does not provide for a bond hearing.  8 U.S.C. § 1225(b)(2). On the other hand, 8 U.S.C. § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022).  Under § 1226(a), the government makes an initial custody determination, and the noncitizen will be released upon a showing "to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding." Rodriguez Diaz, 53 F.4th at 1196 (citing 8 C.F.R. § 236.1(c)(8)).  Section 1226(a) provides "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to

4

appeal, and the right to seek a new hearing when circumstances materially change." Id. at 1202.

Therefore, "[i]f the noncitizen is detained under section 1226(a), she is entitled to a bond

hearing." Labrador-Prato v. Noem, 2025 WL 3458802, at *3 (E.D. Cal. Dec. 2, 2025) (citing

Jennings v. Rodriguez, 583 U.S. 281, 306 (2018)).  Respondent contends § 1225(b)(2) applies

because petitioner is an "applicant for admission" and therefore subject to mandatory detention.

(ECF No. 6 at 1-2.)  Respondent does not argue that petitioner is detained under §§ 1226(c) or

1231.  (ECF No. 6, passim.)

The Court concludes that § 1226(a) applies to petitioner.  This Court agrees with and joins

the majority of courts nationwide, including the Eastern District of California, in rejecting

respondent's new interpretation[6] of Sections 1225 and 1226.  See Rodriguez Vazquez v. Bostock,

802 F. Supp.3d 1297, 1303, 1328-30 (W.D. Wash. Sept. 30, 2025) (concluding, after a thorough

analysis, that "the government's [interpretation of § 1225] belies the statutory text of the

[Immigration and Nationality Act], canons of statutory interpretation, legislative history, and

longstanding agency practice"); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12,

2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest

and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-

Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district

courts across the country] have found that DHS and the [Board of Immigration Appeals']

construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have

long resided in the United States but are being held under § 1225 are entitled to relief.")

(collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025)

(holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to

discretionary detention and "who has been residing in the United States for two years" (internal

quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D.

Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D.

---

[6]  Until DHS changed its policy in July 2025, the Government consistently applied Section 1226(a), not Section 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal.  See Rodriguez Diaz, 53 F.4th at 1196.

Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondent's arguments and found DHS's new policy unlawful."); J.S. v. Wofford, 2026 WL 125258, at *1, *3-5 (E.D. Cal. Jan. 16, 2026), findings and recommendations adopted, 2026 WL 297304 (E.D. Cal. Feb. 4, 2026) (finding § 1226(a) applicable to immigration detainee who lived in the United States for approximately 33 years before being detained by ICE).

"These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [petitioner], living in the interior of the country." Salcedo Aceros v. Kaiser, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases). By contrast, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases). This Court incorporates and adopts the thorough and persuasive reasoning of the district court in Lepe, 2025 WL 2716910, at *3-9.

Further, respondent's reliance on Buenrostro-Mendez, 166 F.4th 494, and Avila, 2026 WL 819258, is unavailing. This Court does not find Buenrostro-Mendez or Avila to be persuasive, and instead finds the analysis in Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025), and Barbosa da Cunha v. Freden, No. 25-3141 (2d Cir. Apr. 28, 2026), to be more persuasive. See also Lopez-Campos (25-1965) v. Raycraft, et al., 2026 WL 1283891, at *1 (6th Cir. May 11, 2026)[7]; Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, No. 25-

---

[7] The full case citation also includes the following: Juan Manuel Lopez-Campos (25-1965); Juan Carlos Sanchez Alvarez (25-1969); Jose Daniel Contreras-Cervantes; Fredy De Los Angeles-Flores; Mariela Virginia Ocando-Leon; Luis Felipe Jarquin-Jarquin; Debbie Vasquezcruz; Jairo Manuel Godoy-Perez; Marifer Diaz-Alcantar; Miguel Angel Reyes-Sanchez (25-1978); Jesus Jose Pizarro Reyes (25-1982) v. Kevin Raycraft, Immigr. & Customs Enf't, Acting Dir. of Detroit Field Off., Enf't & Removal Operations (25-1965/1969/1978/1982); Markwayne Mullin, Sec'y of U.S. Dep't of Homeland Security; U.S. Dep't of Homeland Sec. (25-1965/1969); Todd W. Blanche, Acting U.S. Att'y General; Exec. Off. of Immigr. Rev. (25-1965), 2026 WL 1283891, at *1 (6th Cir. May 11, 2026).

14065, 2026 WL 1243395 (11th Cir. May 6, 2026); Gurvinder Singh v. Chestnut, 2026 WL 413839 (E.D. Cal. Feb. 14, 2026); Singh v. Baltazar, 2026 WL 352870, at *3-6 (D. Colo. Feb. 9, 2026) (rejecting the Buenrostro majority in its interpretation of § 1225 as nonbinding and highlighting the Seventh Circuit Court of Appeals' disagreement with the Buenrostro majority) (citing Castanon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1052 (7th Cir. 2025)); Tomas Nicolas v. Warden, 2026 WL 364399, at *3 n.3 (S.D. Ind. Feb. 10, 2026) (disagreeing with Buenrostro majority and declining to follow); Chachipanta Cando v. Bondi, 2026 WL 357551, at *5 n.6 (D. Neb. Feb. 9, 2026) (same); Aroca v. Mason, 2026 WL 357872, at *15 n.40 (S.D. W.Va. Feb. 9, 2026) (same).  As the Second Circuit explained in Barbosa da Cunha:

> Today, although we part ways with two other circuits that have addressed this question, we join the overwhelming majority of federal judges across the Nation to consider it and conclude that the government's novel interpretation of the immigration statutes defies their plain text. That text makes clear that Section 1226(a) governs detention of noncitizens like Petitioner. Section 1225(b)(2)(A) does not apply to such noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter.
>
> This result is dictated by the plain text of these provisions, and further confirmed by the statute's context, structure, history, and purpose. It likewise comports with the Supreme Court's established understanding of Sections 1225 and 1226. It reflects Executive Branch practice over thirty years and across five Presidential administrations. Moreover, it explains why Congress has never challenged that settled practice despite making numerous amendments to the immigration laws.

Barbosa da Cunha v. Freden, No. 25-3141 at 6.  In any event, neither Buenrostro-Mendez nor Avila are binding on this Court.

Following the majority of courts, this Court also rejects the government's new interpretation of 8 U.S.C. § 1225(b)(2) and their contention that petitioner is an "applicant for admission" subject to § 1225(b)(2).  The majority of other courts have also "generally concluded that § 1226(a) rather than § 1225(b)(2) applies to noncitizens living in the United States who, prior to their current detention, had not been detained by immigration authorities and are not subject to mandatory detention under § 1226(c) or post-removal order detention under § 1231." Estuardo Mayen v. Warden, California City Detention Center, No. 1:26-cv-2354 DAD AC, 2026

WL 1067525, at *3 (E.D. Cal. Apr. 20, 2026) (collecting cases), report and recommendation adopted, Estuardo Mayen v. Warden, California City Detention Center, 2026 WL 1158217 (E.D. Cal. Apr. 29, 2026).  This Court finds that petitioner is detained under 8 U.S.C. § 1226(a) and its implementing regulations because petitioner has resided in this country for over a year and his detention in February 2026 was not upon his arrival to the United States.  (See ECF Nos. 1 at 2, 4; 6-2 at 1.)

Because petitioner is detained under § 1226(a), petitioner was entitled to a bond hearing. "Federal regulations provide that [noncitizens] detained under § 1226(a) receive bond hearings at the outset of detention."  Jennings, 583 U.S. at 306 (citing 8 CFR § 236.1(d)(1)).  If, at this hearing, the detainee demonstrates that he or she is not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," the immigration judge will order his or her release.  Rodriguez Diaz, 53 F. 4th at 1197 (citing Matter of Guerra, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)).  As such, petitioner should have been provided a bond hearing under § 1226(a).

### B    Petitioner's Other Claims for Relief

In light of this Court's ruling that petitioner be granted relief, petitioner's remaining claims (due process claims and claim three) need not be resolved.

## V.    REMEDY

As relief, petitioner requests immediate release from custody.  (ECF No. 1 at 7.) Respondent argues that if the Court grants injunctive relief, the Court should include language excluding its application if petitioner becomes subject to detention under § 1231.  (ECF No. 6 at 4-5.)

Considering § 1226(a)'s discretionary detention framework, and the absence of any prior release on bond pursuant to § 1226(a), this Court finds that an order directing respondent to provide a bond hearing, rather than immediate release, is the appropriate remedy.  See 8 U.S.C. § 1226(a)(1) (authorizing the Attorney General to arrest and detain noncitizens pending removal proceedings); Rodriguez Vazquez, 779 F. Supp. 3d at 1263 (explaining "the specific harm [petitioner] alleges—that he is unlawfully barred from receiving a bond hearing on the merits—is

8

remedied by granting his request for a bond hearing under Section 1226(a)[.]"); see also J.S. v. Wofford, 2026 WL 125258, at *8 (ordering bond hearing where no prior release on bond pursuant to § 1226(a)); Cresencio Sandoval Alvarez v. Warden, 2026 WL 913250, at *3 (E.D. Cal. Apr. 3, 2026) (same). The Court further concludes that the appropriate burden of proof at this initial bond hearing is on petitioner where there was no prior release and in the absence of a prolonged detention finding. See J.S. v. Wofford, 2026 WL 297304, at *2 (E.D. Cal. Feb. 4, 2026); 8 C.F.R. §§ 236.1(d)(1), 1003.19; Rodriguez Diaz, 53 F.4th at 1197 (citing 8 C.F.R. §§ 236.1(d)(1), 1003.19)). At this hearing, "[p]etitioner bears the burden of establishing that he is not a risk of flight or danger to the community." J.S. v. Wofford, 2026 WL 297304, at *2 (where petitioner not previously released by immigration authorities or subject to prolonged detention, granting bond hearing where petitioner bears burden of proof), adopting findings and recommendations, 2026 WL 125258, at *8 (E.D. Cal. Jan. 16, 2026).

## VI.     RESPONDENT'S REQUEST TO STAY

Respondent's alternative request that this matter be stayed pending a ruling by the Ninth Circuit in Rodriguez v. Bostock, No. 25-6842 (9th Cir.), as well as decisions in other cases, should be denied because a stay is not in the interests of petitioner, who has been detained since February 2026, and because a stay would not promote the efficient use of scarce judicial resources in a district with some of the highest caseloads in the country. A stay would put a further strain on limited judicial resources. In addition, the Court declines to stay a decision on the habeas petition or provide 180 days for additional briefing on the merits.

## VII.    CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be granted on statutory grounds.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. Respondent be ordered to provide petitioner Alejandro Hernandez-Ramon (A-221-486-366) with a bond hearing within **seven days** of the adoption of these findings and recommendations where petitioner has the burden to demonstrates that he is not a

9

flight risk or danger to the community.  Petitioner shall be allowed to have his counsel present at the bond hearing.

3. Given petitioner's pro se status, respondent be directed to file, within five days of the bond hearing, a status report addressing petitioner's status.

4. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 13, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/hern2707.157.2241.imm.bond